UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-05141-TMC |
| Plaintiff, | ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| JEFFREY MEINING, | |
| Defendant. | |

Before the Court is Defendant Jeffrey Meining's motion for early termination of supervised release. Dkt. 6. The Court has considered Mr. Meining's motion, the response from the United States (Dkt. 7), the memorandum from Mr. Meining's probation officer (Dkt. 9), and the underlying record of Mr. Meining's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3583(e) and § 3553(a) support Mr. Meining's continued supervision, the Court DENIES the motion.

## I.    BACKGROUND

Mr. Meining pleaded guilty in 2023 to one count of Wire Fraud. Dkt. 2-4 at 1. He was sentenced in March 2024 by the Honorable Michael W. Mosman, U.S. Senior District Judge in the District of Oregon, to 12 months and 1 day imprisonment followed by three years of supervised release. *Id.* at 2–3. As part of his plea agreement, Mr. Meining admitted that

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 1

beginning in 2016 and continuing through 2021, he devised a scheme to defraud purchasers of body armor—including law enforcement and other government agencies—by advertising and selling body armor while making materially false statements about the origin and testing of the body armor. *See* Dkt. 2-2 at 2–3. For example, Mr. Meining advertised that his products were Made in the USA and complied with certain performance standards, when in fact many of the products were imported from China and their performance was not tested. *See id.*

Mr. Meining's sentence also includes a large restitution order. Although the final amount of restitution is yet to be determined following remand from the Ninth Circuit for recalculation of the amount, the original restitution order entered by the district court was more than $2 million. Dkt. 2-4 at 6. Mr. Meining's conditions of supervised release include conditions requiring him to inform the probation office of any changes in his economic circumstances that might affect his ability to pay, provide the probation officer with access to his financial information, avoid incurring new credit charges or applying for loans without approval of probation, and maintain a single checking and/or savings account. *Id.* at 5.

The parties agree that Mr. Meining has performed well on supervised release, as he did while he was released when his charges were pending. *See* Dkts. 6–9. There are no reported violations of his terms of supervision, and he has sought and obtained court approval to modify some of those conditions to allow him greater flexibility to travel and go bow hunting, a long-time hobby. *See* Dkt. 6 at 3. He is participating in mental health services, raising his daughter, and making regular restitution payments of $200 per month. *See id.* at 3–4; Dkt. 9. The probation office notes, however, that there has been some difficulty in monitoring Mr. Meining's finances, including in comparing his sources of income to his monthly living expenses, and determining the minimum monthly restitution payments owed. *See* Dkt. 9 at 2. The probation office and the government therefore oppose early termination of Mr. Meining's supervised release.

## II.    DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may end a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. Meining. In this case, the most significant factors are the need to deter criminal conduct, protect the public, and provide restitution to victims of the offense. The defense is correct that an outstanding financial obligation does not necessarily adversely affect early termination of supervised release. But in this case, the supervised release conditions that ensure monitoring of Mr. Meining's finances are tied both to ensuring restitution payments and to his offense conduct, which involved a sophisticated, long-lasting scheme to defraud using a business he operated. Probation's ability to have transparency into Mr. Meining's income, assets, debts, liabilities, and

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 3

cash flow serves as an important deterrent and measure of protection for the public to ensure that Mr. Meining continues the positive changes in his life. Mr. Meining has served about 14 months of his three-year term of supervised release, which was the longer component of his sentence. While he should be proud of his good performance, the interests of justice and the purposes of sentencing support his continued supervision at this time.

### III.     CONCLUSION

For these reasons, the Court DENIES Mr. Meining's motion for early termination of his supervised release (Dkt. 6). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 9th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 4